# EXHIBIT G



CLAUDIA TENNEY
MEMBER OF CONGRESS
NEW YORK
24TH DISTRICT
TENNEY.HOUSE.GOV

House Committee on Ways and Means
Subcommittee on Health
Subcommittee on Oversight
Subcommittee on Work and Welfare

House Committee on Science, Space, and Technology
Subcommittee on Energy

# Congress of the United States
## House of Representatives
### Washington, DC 20515-3222

June 11, 2024

The Honorable Daniel Werfel
Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224

Dear Commissioner Werfel:

On an overwhelming and bipartisan basis, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act in March of 2020. As you are aware, the CARES Act reestablished the Employee Retention Credit (ERC), a refundable tax credit that afforded economic support to small businesses and job creators who weathered the pandemic storm and kept Americans on the payroll as they faced enormous financial challenges stemming from the COVID-19 pandemic.

I write to you with concern for the over one million small businesses and job creators still waiting for their ERC claims to be reviewed and/or paid, which has been greatly exacerbated by the moratorium on processing ERC claims the IRS implemented in September 2023. The current backlog of claims is now estimated at well over one million, as businesses across America continue to struggle in the post-COVID economy.

At a March 2024 House Ways and Means Committee hearing, you testified that your agency is currently processing between 1,000-2,000 ERC claims per week. At that rate, it would take the IRS more than 10 years to process outstanding ERC claims. This pace of processing cannot continue as American employers who fought through an incredibly challenging and unprecedented disruption to their businesses while keeping employees on payroll are waiting on their legitimate claims to be paid. I'm hearing from small- and medium-sized business owners in Upstate New York that circumstances have become so dire, with many of them struggling to emerge from the COVID economy and that this important tax refund money could mean the difference between laying off hard-working employees or closing their business' doors entirely. These outcomes were specifically what the ERC was intended to prevent.

As you know, late last year the IRS asserted that the moratorium on ERC claims processing would end at the beginning of this year, but the IRS appears not to have made much progress at all. Additionally, in your April 2024 Senate Finance testimony, you asserted that the IRS was developing a process to improve efficiency by digitizing pending ERC claims to expedite the processing by this spring, yet there has been no update on the Service's progress and the moratorium remains in place. While we acknowledge the significant levels of fraud at play in the

WASHINGTON DC
2349 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-3665

VICTOR, NY
7171 PITTSFORD-VICTOR ROAD, SUITE 210
VICTOR, NY 14564
(585) 869-2060

OSWEGO, NY
46 E. BRIDGE STREET, SUITE 102
OSWEGO, NY 13126
(315) 236-7088

LOCKPORT, NY
169 NIAGARA STREET
LOCKPORT, NY 14094
(716) 514-5130

EXHIBIT G
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

ERC, we also urge you to expedite the agency's work to make sure that all legitimate claims are paid as quickly as possible.

While the public health concerns of the pandemic have largely ended, for many hard-hit industries and businesses the economic aftermath has not only persisted, but grown worse, severely delaying and regressing the anticipated economic recovery that American businesses were hoping for once COVID-19 abated.

As such, I am reaching out for clarity regarding the status of the ERC backlog and path forward to expedite processing of the severe claims backlog, and respectfully request a response to the following questions:

1. Your agency imposed a moratorium in September of 2023 on newly amended tax returns for years 2020 and 2021 claiming the ERC. Your agency also asserted this moratorium would end at the beginning of this year, yet nothing was publicly announced regarding the end to the moratorium nearly six months ago. When will the IRS formally announce that the ERC claims processing moratorium is over, and signal a return to timely processing of these claims?

2. By what date does the IRS anticipate completing all of the adjudications for ERC claims in backlog?

3. Is there a process in place or plans to create a process to accelerate the review of ERC claims in backlog?
    a. As far as I'm aware, the Service has put out no Requests for Proposals (RFP) for development of any electronic digitization process/platform for ERC claims processing. What is the status of the Service's efforts to develop such process and/or identify an appropriate contractor to assist?

4. Does the IRS have a process in place to expedite/prioritize claims and tax refunds for employers who demonstrate they are experiencing significant financial hardship, and are in severe need of receiving their ERC claim refund as soon as possible?
    a. If not, do you have plans to establish such a process to ensure that businesses are not shut-down due to the significant delay in receipt of their ERC funds?

I appreciate the work the IRS has done to protect taxpayers from bad actors seeking to exploit the COVID-19 emergency as a vehicle to mislead job creators about the ERC or defraud the government. Fraud should never be tolerated in the face of those employers who are struggling to keep our businesses open and Americans on payroll and with health coverage. I am confident that the almost 80,000 professionals at your agency have the skill and ability to review and process ERC claims as they do any other taxpayer claim. However, preventing fraudulent claims from being realized and ensuring legitimate ERC claim filers seeking economic relief are receiving their refund in an appropriate and timely fashion are not mutually exclusive objectives. Indeed, both objectives can be wholly achieved without sacrificing the other. The most basic tenant of the IRS' job is to process taxpayer returns and claims, including tax refund claims.

I am requesting a response to this letter by July 11, 2024. I welcome any questions you or your agency may have that could be helpful in returning to the efficient processing of ERC claims and timely payout to taxpayers on their ERC claims currently outstanding.

Sincerely,

*Claudia Tenney*

Claudia Tenney
Member of Congress