IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stenson Tamaddon LLC, | No. CV-24-01123-PHX-SPL |
| Plaintiff, | |
| vs. | **RULE 16**<br>**CASE MANAGEMENT ORDER** |
| United States Internal Revenue Service, et al., | |
| Defendants. | |

The parties have met and prepared a Joint Stipulation to Set Scheduling Order (Doc. 36). On the basis of the parties' submissions and the Court's considered assessment,

**IT IS ORDERED** that the Joint Stipulation to Set Scheduling Order (Doc. 36) is **granted**.

**IT IS FURTHER ORDERED** as follows:

**I.   Governing Rules and Preliminary Order**

Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure.

The Court's Preliminary Order (Doc. 7) is incorporated by reference and remains in effect. To any extent the Preliminary Order differs from this Order, this Order shall govern.

**II.   Joining Parties and Amending Pleadings**

Any motion for leave to amend or notice of amendment must be filed in accordance

with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.

### III. Administrative Record

The Administrative Record shall be filed no later than **October 4, 2024**. Any request to supplement the Administrative Record shall be filed no later than **October 25, 2024**. Before filing any such request, the parties shall meet and confer in a good faith effort to reduce issues in dispute regarding the Administrative Record.

### IV. Briefing

**Motion for Summary Judgment**: Plaintiff shall file a motion for summary judgment by **December 6, 2024**. The motion shall not exceed twenty-seven (27) pages.

**Response Brief and Cross Motion**: Defendants shall file a consolidated opposition and cross-motion no later than **thirty (30) days** after service of the motion for summary judgment. The consolidated opposition and cross-motion shall not exceed twenty-seven (27) pages.

**Reply Brief and Response to Cross Motion**: Plaintiff shall file a consolidated reply in support of the motion for summary judgment and opposition to the cross-motion no later than **thirty (30) days** after service of the consolidated opposition and cross-motion. The reply in support of the motion for summary judgment and opposition to the cross-motion shall not exceed twenty-seven (27) pages.

**Final Reply**: Defendants shall file a final reply in support of the cross-motion no later than **fifteen (15) days** after service of the reply in support of the motion for summary judgment and opposition to the cross-motion. The final reply shall not exceed fifteen (15) pages.

### V. Settlement Discussions

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **November 8, 2024**. Upon completion of such settlement talks, and in no event later than **five (5) working days** after the deadline for settlement talks, the parties

shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

The parties are reminded that they may request to refer this action to a magistrate judge pursuant to LRCiv 83.10 for the purpose of holding a settlement conference (mediation), minitrial, summary jury trial, early neutral evaluation, or other form of dispute resolution. Alternative dispute resolution, however, shall not be used as a reason to delay the processing of this case.

**VI.    Additional Guidelines**

**Communication with the Court:** As a general matter, all communications with the Court should be made on the record. Telephone calls regarding routine administrative matters in civil cases should be directed to Chambers at (602) 322-7550. No member of Chambers staff will provide the parties with legal advice concerning any matter.

**Oral Argument and Evidentiary Hearings**: This Court does not have a preset schedule for setting oral arguments and evidentiary hearings. The Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly. Any party desiring oral argument should request it by noting it below the title of the related filing, *see* LRCiv 7.2(f); such requests should be made in instances where it would assist the resolution of the motion, and not merely made as a matter of course. Any party desiring an evidentiary hearing should request it in the body of its filing. Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

**PDF Text Searchable Format**: All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c).

**Copies:** A paper copy of any document exceeding ten (10) pages in length shall be submitted to chambers promptly following its electronic filing. Paper copies of documents

which are too large for stapling must be submitted in a three-ring binder. Electronic copies of proposed orders or findings shall be emailed to chambers in Microsoft Word® format at Logan_Chambers@azd.uscourts.gov.

**Font**: All memoranda filed with the Court must comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

**Citations**: Citations in support of any assertion in the text shall be included in the text, not in footnotes.

## VII. Final Advisals

**Noncompliance**: The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, imposition of sanctions, or summary disposition of matters pending before the Court. *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

**Deadline Extensions:** *The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly.* Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so. As a general matter, the pendency of settlement discussions or the desire to schedule mediation does not constitute good cause.

Dated this 17th day of September, 2024.

Honorable Steven P. Logan
United States District Judge